UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **WILLIAM ELLIOT ASHFORD,** | **2:20-CV-10561-TGB-EAS** |
| Plaintiff, | |
| vs. | **COURT'S JURY INSTRUCTIONS** |
| **UNIVERSITY OF MICHIGAN, *et al.,*** | |
| Defendant. | |

### JURY INSTRUCTION No. 1

### §101.01 – Opening Instructions

We are about to begin the trial of the case you heard about during the jury selection. Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself during the trial.

During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you. The party who sues is called the Plaintiff. In this action, the Plaintiff is William Elliott Ashford. The party being sued is called the Defendant.

1

In this action, the Defendants in this case are the University of Michigan, the University of Michigan-Dearborn, Gary Gorski, and Jeffrey Evans.

You will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyer" or "attorney." I will sometimes refer to myself as the "Court."

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason. When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted. When I say, "admitted into evidence" or "received into evidence," I mean that this statement or exhibit may be considered by you in making the decisions you must make at the end of the case.

By your verdict, you will decide disputed issues of fact. I will decide all questions of law that arise during the trial. Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

Because you will be called upon to decide the facts of this case, you should give careful attention to the testimony and evidence presented. Keep in mind that I will instruct you at the end of the trial about determining credibility or "believability" of the witnesses. During the trial, you should keep an open mind and should not form or express any opinion about the case until you have heard all the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else. In addition, you should not permit anyone to discuss the case in your presence.

From time-to-time during the trial, I may make rulings of law on objections or motions made by the parties. It is a lawyers' duty to object when the other side offers testimony or other evidence that the attorney believes is not admissible. You should not be unfair or partial against a lawyer or the lawyer's client because the lawyer has made objections. If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question. You should not infer or conclude from any ruling or other document I may make that I have any opinions on the merits of the case favoring one side or the other. I do not favor one side or the other.

The trial lawyers and parties are not allowed to speak with you during this case. When you see them at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

During the trial, it may be necessary for me talk with the parties out of your hearing about questions or law or procedure. Sometimes, you may be excused from the courtroom during these discussions. We do this because you should be basing your decision only in the evidence presented during the trial and we would not want your ability to be fair to be affected by legal discussions or arguments outside of that evidence.

I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly at times. And also keep in mind that often these discussions that I have with the lawyers help to resolve questions or streamline the process so that we save time and are more efficient in the end.

## JURY INSTRUCTION No. 2

### § 101.02 – Order of Trial

The case will proceed as follows:

First, the lawyers for each side may make an opening statement. What is said in the opening statement is not evidence but is simply an outline to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.

After the opening statements, the Plaintiff, William Elliott Ashford, will present evidence in support of his claims and the Defendant's lawyers may cross-examine the witnesses. At the conclusion of the Plaintiff's case, the Defendants may introduce evidence and the Plaintiff's counsel may cross-examine the witnesses. The Defendant is not required to introduce any evidence or to call any witnesses. If the Defendant introduces evidence, the Plaintiff may then present rebuttal evidence.

After the evidence is presented, the parties make closing arguments explaining what they believe evidence has shown. What is said in the closing arguments is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case.

## JURY INSTRUCTION No. 3
## <u>§ 101.10 – Province of Judge and Jury</u>

After all the evidence has been heard and arguments and instructions are finished, you will meet to make your decision. You will determine the facts from all the testimony and other evidence that is presented. You are the sole and exclusive judge of the facts. It is my job to instruct you as to the law that applies to the case. I must stress that you are required to accept the rules of law that I give you, whether or not you agree with them.

Although I may summarize either evidence or claims presented in this case in these instructions, I am doing so only to provide you with the context of the law that applies.  I am not intending to express any opinion about the facts of the case.  If I make any comments on the facts or evidence during the trial or while instructing the jury, such comments are only expressions of my opinion as to the facts. You may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of each of the witnesses.

**JURY INSTRUCTION No. 4**

**M Civ JI 2.10 Inability to Hear Witness or See Exhibit**

Please let me know immediately if you cannot hear a witness or
see what is being demonstrated.

## JURY INSTRUCTION No. 5
## <u>§ 101.30 – Judge's Questions to Witnesses</u>

During the trial, I may sometimes ask a witness questions. Please do not assume that I have any opinion about the subject matter.

## JURY INSTRUCTION No. 6

## M Civ. JI 2.11 Questions by Jurors Allowed

During the testimony of a witness, you might think of an important question that you believe will help you better understand the facts in the case. Please wait to ask the question until after the witness has finished testifying and both sides have finished their questioning. If your question is still unanswered, write the question down, raise your hand, and pass the question to my clerk. The clerk will give it to me. Do not ask the witness the question yourself, show the question to the other jurors, or announce what the question is.

There are rules of evidence that a trial must follow. I will show your question to the attorneys at side bar to see if they have any objections to the question.  If your question is allowed under the rules of evidence, I will ask the witness your question. If your question is not allowed, I will either rephrase it or I will not ask it at all.

9

**JURY INSTRUCTION No. 7**

**<u>M Civ JI 2.13 Note Taking by Jurors Allowed</u>**

You may also take notes during the trial if you wish, but of course you don't have to. If you do take notes, you should be careful that it does not distract you from paying attention to all the evidence. When you go to the jury room to decide your verdict, you may use your notes to help you remember what happened in the courtroom. If you take notes, do not let anyone see them. After you have begun your deliberations, it is then permissible to allow other jurors to see your notes. The notes will be destroyed at the end of the trial.

## JURY INSTRUCTION No. 8
## <u>§ 101.31 – Bench Conferences</u>

From time to time, it may be necessary for me to talk to the parties out of your hearing. The purpose of these conferences is to decide how certain matters are to be treated under the rules of evidence. The lawyers and I will do what we can to limit the number and length of these conferences.

## JURY INSTRUCTION No. 9

## § 101.40 – Evidence in the Case

The evidence in the case will consist of the following:

1. The sworn testimony of the witnesses, no matter who called a witness.

2. All exhibits received in evidence, regardless of who may have produced the exhibits.

3. All facts that may have been judicially noticed and that you must take as true for purposes of this case.

Depositions may also be received into evidence. Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions. Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

Statements and arguments of the lawyers are not evidence in the case, unless made as an admission or stipulation or fact. A "stipulation" is an agreement between both sides that certain facts are true. When the lawyers on both sides stipulate or agree to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved.

I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

12

If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case. But in your consideration of the evidence, you are not limited to the statements of the witness. In other words, you are not limited solely to what you see and hear as the witnesses testified. You may draw from the facts that you find have been approved, such reasonable inferences of conclusions as you feel are justified in light of your experience.

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony. I urge you to pay close attention to the testimony as it is given.

**JURY INSTRUCTION No. 10**

**M Civ JI 2.04 (partial) Prohibited Actions by Jurors**

You are not to consider anything about the case from outside of the courtroom as it is not evidence admitted during the trial. Under the law, the evidence you consider to decide the case must meet certain standards. For example, witnesses must swear to tell the truth, and the lawyers must be able to cross-examine them. Because information obtained outside of the courtroom does not have to meet these standards, it could give you incorrect or misleading information that might unfairly favor one side, or you may begin to improperly form an opinion on information that has not been admitted. This would comprise the parties' right to have a verdict rendered only by the jurors and based only on the evidence you hear and see in the courtroom. So, to be fair to both sides, you must follow these instructions.

I will now describe some of the things you may not consider from outside the courtroom:

(a) Newspaper, television, radio, and other news reports, emails, blogs, and social media posts and commentary about this case are not evidence. Until I discharge you as jurors, do not search for, read, listen to, or watch any such information about this case from any source, in any form, whatsoever.

14

(b) Opinions of people outside of the trial are not evidence. You are not to discuss or share information, or answer questions, about this case at all in any manner with anyone—this includes family, friends, or even strangers—until you have been discharged as a juror. Don't allow anyone to say anything to you or say anything about this case in your presence. If anyone does, advise them that you are on the jury hearing the case, ask them to stop, and let me know immediately.

(c) Research, investigations, and experiments not admitted in the courtroom are not evidence. You must not do any investigations on your own or conduct any research or experiments of any kind. You may not research or investigate through the Internet or otherwise any evidence, testimony, or information related to this case, including about a party, a witness, an attorney, a court officer, or any topics raised in the case.

To avoid even the appearance of unfairness or improper conduct on your part, you must follow the following rules of conduct:

(a) While you are in the courtroom and while you are deliberating, you are prohibited altogether from using a computer, cellular telephone, or any other electronic device capable of making communications. You may use these devices during recesses so long as your use does not otherwise violate my instructions.

(b) Until I have discharged you as a juror, you must not talk to any party, lawyer, or witness even if your conversation has nothing to do with this case. This is to avoid even the appearance of impropriety. The lawyers know they cannot talk to you. If you see them in the hallway and they do not smile, wave, or nod, it is because I have instructed them to refrain from any communication with you, not because they are being rude.

If you discover that any juror has violated any of my instructions about prohibited conduct, you must report it to me.

After you are discharged as a juror, you may talk to anyone you wish about the case. Until that time, you must control your natural desire to discuss the case outside of what I've said is permitted.

## JURY INSTRUCTION No. 11
## § 101.41 – Burden of Proof

In a civil trial like this, the Plaintiff bears the burden of proving his claims by a preponderance of the evidence. When a party has a burden to prove any matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is probably more true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

## JURY INSTRUCTION No. 12

### § 101.42 – Direct and Circumstantial Evidence

"Direct evidence" is direct proof of a fact, such as testimony by a witness about what the witness said or heard or did. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

**JURY INSTRUCTION No. 13**

**§ 101.43 – Credibility of Witnesses**

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. In considering the testimony of any witness' opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness' memory; the witness' appearance and manner while testifying; the witness' interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness' testimony; and the reasonableness of the witness' testimony in light of the evidence. The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

19

**JURY INSTRUCTION No. 14**

**§ 101.44 – What Is Not Evidence**

In deciding the facts of this case, you are not to consider the following as evidence: statements and arguments of lawyers, questions and objections of the lawyers, testimony that I instruct you to disregard, and anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

## JURY INSTRUCTION No. 15

## <u>§ 101.45 – Evidence for Limited Purposes</u>

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider that item only for that limited purpose and for no other.

## JURY INSTRUCTION No. 16
## <u>§ 101.49 – Ruling on Objections</u>

When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered, or the exhibit received into evidence. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received into evidence.

If I sustain an objection to a question or the admission of an exhibit, you must ignore the question and must not guess what the answer to the questions might have been. In addition, you must not consider evidence that I have ordered stricken from the record.

**JURY INSTRUCTION No. 17**

**§ 102.70 – Judge's Comments to Lawyer**

It is my duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

## JURY INSTRUCTION No. 18

### § 102.23 – Depositions as Substantive Evidence

Testimony may be presented through a deposition. A deposition contains the sworn, recorded answers to questions asked a witness in advance of the trial. A witness' testimony may sometimes be presented in the form of a deposition if the witness is not present or if the testimony in court contradicts the witness' deposition testimony. Sometime before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony.

You must give this deposition testimony the same consideration as if the witness had been present and had testified from the witness stand in court.

24

## JURY INSTRUCTION No. 19
### § 102.71 – Objections and Rulings

Testimony and exhibits can be admitted into evidence during a trial only if it meets certain criteria or standards. It is the duty of the lawyer on each side of a case to object when the other side offers testimony or an exhibit that the lawyers believes is not properly admissible under the rules of law. Only by offering an objection can a lawyer request and obtain a ruling from me on the admissibility of the evidence being offered by the other side. You should not be influenced against any lawyer or the lawyer's client because the lawyer has made objections.

Do no attempt to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question.

## JURY INSTRUCTION No. 20

## § 103.01 – General Introduction

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case. Do not single out instruction as stating the law but consider the instruction as a whole. You are not to be concerned about the wisdom or any rule of law stated by me. You must follow and apply the law.

The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and as stated in these instructions, you are governed by my instructions.

Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

**JURY INSTRUCTION No. 21**

**§ 103.11 – All Persons Equal Before the Law – Individuals**

This case should be considered and decided by you as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law and are to be treated as equals.

Large organizations, like Defendants, the University of Michigan (the "University") and the University of Michigan-Dearborn ("UM-Dearborn") are entitled to the same fair trial as a private individual. All persons, including organizations, stand equal before the law and are to be treated as equals.

27

**JURY INSTRUCTION No. 22**

**§ 103.33 – Court's and Attorneys' Comments Not Evidence**

The law permits me to comment to you on the evidence in the case. These comments are only an expression of my opinion as to the facts. You may disregard my comments entirely since you as jurors are the sole judges of the facts and are not bound by my comments or opinions.

The law also permits the attorneys to refer to facts in their questions, and to make arguments to you about what they believe the evidence shows the facts to be. But the comments and arguments of the attorneys are not facts. Facts come from the testimony and the exhibits that have been admitted into evidence during the trial.

## JURY INSTRUCTION No. 23

### § 104.04– Preponderance of the Evidence

The Plaintiff, William Elliott Ashford, has the burden in a civil action, such as this, to prove every essential element of his claim by a preponderance of the evidence. If the Plaintiff should fail to establish any essential element of his claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

"Establish by a preponderance of the evidence" means to prove that something is more likely so that not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since prove to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

## JURY INSTRUCTION No. 24
### § 104.54–Number of Witnesses

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your mind's belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or takes the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

30

# JURY INSTRUCTION No. 25

## § 105.04–Impeachment—Inconsistent Statement or Conduct

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said, or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

31

**JURY INSTRUCTION No.  26**
**Jurors May Take Into Account Ordinary Experience**

You have a right to consider all the evidence in the light of your own general knowledge and experience in the affairs of life, and to take into account whether any particular evidence seems reasonable and probable.

However, if you have personal knowledge of any particular fact in this case, that knowledge may not be used as evidence.

## JURY INSTRUCTION No. 27
### § 103:14. Multiple Defendants

Although there is more than one defendant in this action, it does not follow from that fact alone that if one defendant is liable to the plaintiff, all defendants are liable. Each defendant is entitled to a fair consideration of the evidence. Neither defendant is to be prejudiced should you find against the other.

Plaintiff must prove by a preponderance of the evidence, as to each individual defendant, that such defendant was personally involved in the conduct that Plaintiff complains about.  You must consider each defendant independently, and determine whether the evidence is sufficient to prove that individual defendant liable by a preponderance of the evidence. You may not find one defendant liable for what others did or did not do.  Unless otherwise stated, all instructions I give you govern the case as to each defendant.

## JURY INSTRUCTION No. 28
## § 105:11. All Available Witnesses or Evidence Need not be Produced

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

## JURY INSTRUCTION No. 29
### First Amendment Retaliation Claim – Elements

The United States Constitution prohibits government officials from subjecting a person to retaliation for engaging in speech that is protected by the First Amendment.

Plaintiff's First Amendment retaliation claim requires him to prove each of the following Elements:

1. That Plaintiff engaged in constitutionally protected speech.

2. That Defendants took an "adverse action" against him.

3. That a causal connection exists between the speech and that action—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

Each of these Elements is explained below.

If you find that Plaintiff has proven by a preponderance of the evidence each of these elements, your verdict will be for Plaintiff. If you find that Plaintiff has not proven by a preponderance of the evidence any one of these elements, your verdict will be for Defendants.

35

**JURY INSTRUCTION No. 30**
**First Amendment Retaliation Claim – Protected Speech**
**(Element 1)**

The first element that must be proven in a First Amendment Retaliation Claim is that the Plaintiff engaged in constitutionally protected speech.

A public employee has a constitutional right to speak on matters of public concern in some circumstances.

As to this first element, whether Plaintiff William Elliott Ashford's speech to the *Detroit News* was constitutionally protected, I instruct you that this element has been established.

## JURY INSTRUCTION No. 31
## <u>First Amendment Retaliation Claim – Adverse Action (Element 2)</u>

The second element Plaintiff must prove to prove a First Amendment Retaliation claim is that Defendants took an "adverse action" against Plaintiff. An adverse action is an action that would deter a person of ordinary firmness from continuing to engage in the protected conduct under the First Amendment. The First Amendment protects a person against retaliatory actions that might silence an ordinary person. In this case, the parties agree that Plaintiff's 10-day suspension without pay is an adverse action.  Consequently, you must accept that Element 2 of this claim has also been established.

37

## JURY INSTRUCTION No. 32
## <u>First Amendment Retaliation Claim – Causation (Element 3)</u>

The third element that Plaintiff must establish to prove a First Amendment Retaliation claim is that that a causal connection exists between the speech and that adverse action—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct The protected speech must be a "but-for" cause of an adverse action. This test is met if the Plaintiff would not have suffered the harm of the adverse action "but for" the protected speech. It is not met if the Plaintiff would have suffered the same harm even if he stayed silent.

When a public employee alleges that the government has retaliated against him because of his speech, a burden-shifting approach applies.

First, the Plaintiff must show that his speech was a substantial or motivating factor of the adverse action taken against him. This part of the test does not require a but-for relationship.

Second, if the Plaintiff meets the first part of the test, then the burden shifts to the Defendants. To prevail, the Defendants must prove they would have taken the same action even if the Plaintiff had not engaged in protected speech.

## JURY INSTRUCTION No. 32-A

## <u>First Amendment Retaliation Claim – Causation</u>
## <u>Addendum</u>

You have been instructed that the first two elements of Plaintiff's First Amendment retaliation claim have been met.

You have been instructed that your role is to decide the final element of this claim: causation.

The Court has decided that any evidence you may have heard on the following topics is irrelevant to your determination of the First Amendment Retaliation claim, must be disregarded, and cannot be considered by you as to the First Amendment Retaliation claim:

- Any evidence that Plaintiff was allegedly "reckless" o incorrect in speaking to the Detroit News;

- Any evidence about alleged actual or potential impacts of the Detroit News on:

  - The victim of the Criminal Sexual Conduct or CSC;

  - The CSC investigation;

  - The operation, work, morale, or discipline of the University of Michigan or any of its departments, including but not limited to the UM-Dearborn police department;

39

- o The public's perception of the University of Michigan, or any of its departments, including but not limited to the UM-Dearborn police department.

- Any evidence that Plaintiff allegedly spoke to the Detroit News about information he larned as a result of or by virtue of his role as a police officer; and

- Any evidence that what Plaintiff told the Detroit News was allegedly factually incorrect or false.

**JURY INSTRUCTION No. 33**

**Title IX Retaliation Claim – Elements**

Plaintiff also claims that the Defendants retaliated against him in violation of Title IX of the Education Amendments of 1972. That Act prohibits an "educational institution" from retaliating against an employee who has engaged in protected activity.

The University of Michigan is an "educational institution" that is subject to Title IX. The individual defendants, Gary Gorski and Jeffrey Evans, are not an "educational institution" and cannot be held liable under Title IX.

Under Title IX, an educational institution that receives federal financial assistance is prohibited from discriminating against individuals on the basis of sex in education programs or activities. Sexual harassment is a form of discrimination prohibited by Title IX.

It is a violation of Title IX for an educational institution to retaliate against a person for reporting sex discrimination and harassment, for filing a complaint of discrimination or harassment, or for participating in the investigation or adjudication of such a complaint.

With respect to his Title IX retaliation claim, Plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

41

1.     Plaintiff engaged in protected activity.

2.     Defendants knew of Plaintiff's complaints.

3.     Plaintiff was suspended following his complaints.

4.     A causal connection exists between his protected activity and his suspension.

Plaintiff and Defendants agree that Elements 2 and 3 have been proven.  You must decide whether Plaintiff has proven by a preponderance of the evidence Elements 1 and 4. These Elements are explained below.

**JURY INSTRUCTION No. 34**
**Title IX Retaliation Claim, Title IX Protected Activity**

To be protected by Title IX, a complaint must specifically accuse an educational institution of engaging in intentional sex discrimination. A vague charge of discrimination is not enough. And the complaint must provide notice to an official of the educational institution authorized to address the complaint and institute corrective measures. Plaintiff must demonstrate that his alleged protected activity was reasonable and based on a good faith belief that the University was acting in violation of Title IX.

## JURY INSTRUCTION No. 35

## <u>Title IX Protected Activity (Element 1)</u>

Protected activity means actively complaining about or opposing alleged discrimination based on sex under Title IX. Under Title IX, sexual harassment is a form of discrimination based on sex.

The law protects any person who reports sexual harassment from retaliation, regardless of whether the person reporting it is alleged to be the victim of sexual harassment.

Plaintiff must demonstrate that his alleged protected activity was reasonable and based on a good-faith belief that Defendants were acting in violation of Title IX.  It is a violation of Title IX for an educational institution to knowingly permit sexual harassment of a student by a faculty member.  Plaintiff can engage in protected activity under Title IX even if the merits of his complaint were wrong.

44

## JURY INSTRUCTION No. 36
## <u>Title IX – Causal Connection (Element 4)</u>

For Plaintiff to recover in a Title IX retaliation claim, his protected activity must be a "but-for" cause of his suspension, or, the suspension would not have happened "but for" his protected activity. In other words, Plaintiff must prove that Defendants University of Michigan and/or University of Michigan-Dearborn suspended Plaintiff because of his protected activity.

Plaintiff's protected activity need not be the sole or primary cause of the suspension. Plaintiff has satisfied the "but for" causation standard so long as his protected activity was one but-for cause of the suspension.

In determining whether a causal connection exists between Plaintiff's protected activity (complaints about sexual harassment of a student) and his suspension, you can consider the closeness in time between the events. Causal connection can be found based on the timing of these events, coupled with other evidence of retaliation.

## JURY INSTRUCTION No. 37

## <u>Title IX - Pretext</u>

You should determine whether the reason(s) given by Defendants for suspending Plaintiff are believable.

In making this determination, you may consider whether Defendants' explanations for suspending Plaintiff had no basis in fact; did not actually motivate the suspension; and whether the explanations were insufficient to warrant it.

If you find that Defendants' stated reasons for suspending Plaintiff are false, or not believable, you may (but are not required to) infer that the Defendant is covering up its true reason for suspending him, and that the true reason is retaliation, so long as you find from the evidence a causal connection between Plaintiff's protected activity and the decision to suspend him.

If you find from the evidence that Defendants failed to follow their policies with respect to the investigation into Plaintiff, or his suspension, you may consider this evidence, along with the other evidence presented, in evaluating whether or not Defendants' reasons for their action are believable or are a pretext for illegal retaliation.

## JURY INSTRUCTION No. 38

## <u>Whistleblower Protection Act – Elements</u>

Michigan has a state law known as the Whistleblowers' Protection Act which provides that an employer shall not discipline or threaten an employee regarding employment, compensation, or a term, condition, location or privilege of employment because of protected activity.

With respect to his Whistleblower retaliation claim, Plaintiff has the burden of proof on each of the following elements:

1.      Plaintiff engaged in protected activity as defined by Michigan's Whistleblower Protection Act

2.      Defendants took an adverse employment action against Plaintiff; and

3.      A causal connection exists between the protected activity and the adverse action.

The parties agree that element 2 has been proven.  You must decide elements 1 and 3.  They are explained below.

## JURY INSTRUCTION No. 39

## Whistleblower Protection Act – Protected Activity (Element 1)

"Protected activity" occurs when an employee makes a verbal or written report of a violation or a suspected violation of a law, regulation, or rule promulgated pursuant to state law, a political subdivision of the state, or the United States by his employer to a public body. The parties agree that Defendants University of Michigan and University of Michigan Dearborn are public bodies.

Plaintiff must reasonably believe that a violation of law or a regulation has occurred. It is not necessary that an actual violation of law or a regulation has occurred, but Plaintiff cannot have a reasonable belief if he knows his report is false.

If Plaintiff claims that he reported a violation or suspected violation of law or regulation to a public body, Plaintiff must prove by a preponderance of the evidence that he made such a report. If Plaintiff did not cannot prove this, he may not recover.

48

**JURY INSTRUCTION No. 40**

**Whistleblower Protection Act – Causal Connection (Element 3)**

When I use the term "because of" I mean that protected activity must be one of the motives or reasons that Defendants retaliated against Plaintiff.

Protected activity does not have to be the only reason, or even the main reason, but it does have to be one of the reasons that made a difference in Defendants' decision to suspend Plaintiff.

49

## JURY INSTRUCTION No. 41

### § 166.60—Actual Damages

If you find in favor of the Plaintiff, then you must award Plaintiff such sum as you find from the preponderance of the evidence will fairly and justly compensate the Plaintiff for any damages you find the Plaintiff sustained as a direct result of the Defendant's actions or inaction. You should consider the following elements of damages:

1. The mental or emotional suffering the Plaintiff has experienced; the nature and extent of the damages or harm, whether the damages or harm is temporary or permanent.

Throughout your deliberations you must not engage in any speculation, guess, or conjecture and you must not award any damages under this instruction by way of punishment or through sympathy.

## JURY INSTRUCTION No. 42
## <u>First Amendment Claim – Punitive Damages</u>

In addition to actual damages, in this case the law permits the jury, to award the Plaintiff punitive damages in order to punish the wrongdoer for misconduct, and to serve as an example or warning to others not to engage in such conduct.

If at least 7 of you find that the Plaintiff is entitled to a verdict for actual or compensatory damages for his First Amendment retaliation claim, and you further find that the acts of Defendant Gorski and/or Defendant Evans, which proximately caused actual injury or damage to the plaintiff, was maliciously, or wantonly, or oppressively done, or involved reckless disregard of Plaintiff's constitutional rights, then you may add to the award of actual damages such amount as at least seven of you shall agree to be proper, as punitive damages.

An act is "maliciously" done if it is prompted or accompanied by ill will, or spite, or grudge, either toward the injured person individually, or toward all persons in one or more groups or categories of which the injured person is a member.

An act is "wantonly" done if it is done in reckless or callous disregard of or indifference to the rights of one or more persons, including the injured person.

An act is "oppressively" done if it is done in a manner that injures, or damages, or otherwise violates the rights of another person with unnecessary harshness or severity, as by misuse or abuse of authority or power.

Whether or not to make any award of punitive damages, in addition to actual damages or compensatory damages, is a matter exclusively within the province of the jury.

You should always bear in mind that punitive damages may be allowed only if you first award the plaintiff a verdict for actual or compensatory damages. And you should bear in mind not only the conditions under which, and the purposes for which, the law permits an award of punitive damages, but also that the amount of punitive damages, when awarded, must be fixed with calm discretion and sound reason, and must never be awarded or fixed in amount because of any sympathy or bias or prejudice with respect to any party in the case.

## JURY INSTRUCTION No. 43

## <u>Limitations on Damages</u>

Your verdict form will guide you regarding the availability of damages.  Please keep in mind that damages for a violation of Plaintiff's First Amendment Retaliation claim—including any potential emotional distress or punitive damages—may only be assessed against the individual defendants, Gary Gorski or Jeffrey Evans, in their personal capacity.  Such damages may not be assessed against the University of Michigan.

Also, regarding Plaintiff's Retaliation Claim under Title IX, you may not award emotional distress or punitive damages.

And, regarding Plaintiff's claim under the Michigan Whistleblower Protection Act, you may not award punitive damages.

Finally, Plaintiff is not seeking future wage loss in this case, so you may not award damages for future wage loss.

## JURY INSTRUCTION No. 44
### § 106.02–Effect of Instructions to Damages

If the Plaintiff has proven a claim against the Defendant by a preponderance of the evidence, you must determine the damages to which he is entitled. The fact that I have instructed you as to the proper measure of damages should not be considered as indicating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance only in the event you should find in favor of the Plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

## JURY INSTRUCTION No. 45
### § 106.01–Duty to Deliberate

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that at least seven of you must agree. If seven out of eight of you agree that a claim has been proven, you have reached your verdict as to that claim.  It is not necessary that the verdict be unanimous because the parties have agreed to accept your verdict if seven of the eight jurors are in agreement.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard for individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

## JURY INSTRUCTION No. 46

### § 103.50 – Election of Foreperson; Duty to Deliberate; Communications with Court; Cautionary;  Verdict Form

You must follow the following rules while deliberating and returning your verdict:

First, when you go the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty as jurors, to discuss this case with one another in the jury and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the view of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in

writing or orally in open court. Remember that you should not tell anyone—including me—how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law that I have given to you in my instructions. Nothing I have said or done is intended to suggest that your verdict should be—that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case.

[*The form reads: The Court goes over the Verdict Form and explains it*.]

You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise my clerk that you are ready to return to the courtroom.

**JURY INSTRUCTION No. 47**

**§ 106.07–Verdict Forms—Jury's Responsibility**

Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.