UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**WILLIAM ELLIOTT ASHFORD**, *an individual*,

    Plaintiff,

vs.

**UNIVERSITY OF MICHIGAN, UNIVERSITY OF MICHIGAN – DEARBORN, DAVID HAWKINS**, *an employee of the University of Michigan and the University of Michigan-Dearborn, sued in his official capacity, jointly and severally,* **GARY GORSKI**, *an employee of the University of Michigan and the University of Michigan-Dearborn, sued in his personal capacity, jointly and severally,* **BRYAN DADEY**, *an employee of the University of Michigan and the University of Michigan-Dearborn, sued in his official capacity, jointly and severally,* and **JEFFREY EVANS**, *an employee of the University of Michigan and the University of Michigan-Dearborn, sued in his personal capacity, jointly and severally,*

    Defendants.

Case No. 20-cv-10561
Hon. Terrence G. Berg
Mag. Elizabeth A. Stafford

---

| **DEBORAH GORDON LAW** | **MILLER, CANFIELD, PADDOCK and STONE, P.L.C.** |
|---|---|
| Deborah L. Gordon (P27058) | Brian M. Schwartz (P69018) |
| Elizabeth Marzotto Taylor (P82061) | Jerome Watson (P27082) |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 33 Bloomfield Hills Parkway, Suite 220 | 150 West Jefferson, Suite 2500 |
| Bloomfield Hills, Michigan 48304 | Detroit, Michigan 48226 |
| (248) 258-2500/Fax (248) 258-7881 | (313) 963-6420/Fax (313) 496-7500 |
| dgordon@deborahgordonlaw.com | schwartzb@millercanfield.com |
| emarzottotaylor@deborahgordonlaw.com | watson@millercanfield.com |

---

**PLAINTIFF'S MOTION FOR PROSPECTIVE INJUNCTIVE, EQUITABLE, AND DECLARATORY RELIEF**

NOW COMES Plaintiff, through his counsel, Deborah Gordon Law, and for his Motion for Prospective Injunctive, Equitable, and Declaratory Relief states as follows:

1. Defendants illegally suspended Plaintiff for two weeks without pay in January 2020.

2. On May 21, 2024, a jury held that the suspension violated the First Amendment to the United States Constitution, Title IX, and Michigan's Whistleblower Protection Act.

3. Plaintiff seeks any and all forms of prospective, injunctive, equitable, and declaratory relief available to him for the violation of his civil rights in light of the jury's verdict, including:

   a. A declaration of this Court that Defendants unlawfully retaliated against him in violation of the First Amendment to the United States Constitution, Title IX, and Michigan's Whistleblower Protection Act by suspending him for 10 days without pay on January 29, 2020;

   b. An order expunging Defendants' records of any and all information tied to the unlawful suspension and prohibiting the reporting of the unlawful suspension to third parties; and

   c. An injunction prohibiting Defendants from engaging in any further acts of discrimination, intimidation, or retaliation against him.

Wherefore, Plaintiff seeks entry of an Order compelling Defendants to expunge all University records of any and all information tied to the unlawful suspension; prohibiting Defendants from reporting the unlawful suspension to third parties; enjoining Defendants against any further acts of discrimination, intimidation, or retaliation against Plaintiff; and declaring that Defendants retaliated against him in violation of the First Amendment to the United States Constitution, Title IX, and Michigan's Whistleblower Protection Act.

4. Pursuant to L.R. 7.1, on May 23, 2024, Plaintiff's counsel sought Defendants' concurrence in the relief sought, but such concurrence was not forthcoming.

Dated: May 23, 2024                              Respectfully submitted,

**DEBORAH GORDON LAW**
/s/ Deborah L. Gordon
Deborah L. Gordon (P27058)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**WILLIAM ELLIOTT ASHFORD**, *an individual*,

    Plaintiff,

vs.

**UNIVERSITY OF MICHIGAN, UNIVERSITY OF MICHIGAN – DEARBORN, DAVID HAWKINS**, *an employee of the University of Michigan and the University of Michigan-Dearborn, sued in his official capacity, jointly and severally,* **GARY GORSKI**, *an employee of the University of Michigan and the University of Michigan-Dearborn, sued in his personal capacity, jointly and severally,* **BRYAN DADEY**, *an employee of the University of Michigan and the University of Michigan-Dearborn, sued in his official capacity, jointly and severally,* and **JEFFREY EVANS**, *an employee of the University of Michigan and the University of Michigan-Dearborn, sued in his personal capacity, jointly and severally,*

    Defendants.

Case No. 20-cv-10561
Hon. Terrence G. Berg
Mag. Elizabeth A. Stafford

**PLAINTIFF'S BRIEF IN SUPPORT OF HIS MOTION FOR PROSPECTIVE INJUNCTIVE, EQUITABLE, AND DECLARATORY RELIEF**

___

**DEBORAH GORDON LAW**
Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500/Fax (248) 258-7881
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com

**MILLER, CANFIELD, PADDOCK and STONE, P.L.C.**
Brian M. Schwartz (P69018)
Jerome Watson (P27082)
Attorneys for Defendants
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 963-6420/Fax (313) 496-7500
schwartzb@millercanfield.com
watson@millercanfield.com

## TABLE OF CONTENTS

I. Factual and Procedural History ................................................................. 1

II. Law and Argument ..................................................................................... 1

# INDEX OF AUTHORITIES

**Cases**

*Ashford v. Univ. of Michigan*,
  89 F.4th 960, 969–70 (6th Cir. 2024) .................................................................. 2

*Beacon Theatres, Inc. v. Westover*,
  359 U.S. 500, 508 (1959) ..................................................................................... 1

*Carey v. Piphus*,
  435 U.S. 247, 258-259 (1978) ............................................................................. 2

*Dybczak v. Tuskegee Institute*,
  737 F.2d 1524, 1526–27 (11th Cir.1984) ............................................................ 2

*Green v. Mansour*,
  474 U.S. 64 (1985) ............................................................................................... 1

*Milliken v. Bradley*,
  433 U.S. 267, 282 (1977) ..................................................................................... 2

*Moltan Co. v. Eagle–Picher Indus., Inc.*,
  55 F.3d 1171, 1174–75 (6th Cir.1995) ................................................................ 2

*Salazar v. Buono*,
  559 U.S. 700, 714 (2010) ..................................................................................... 1

*Skyworks, Ltd. v. Centers for Disease Control & Prevention*,
  542 F. Supp. 3d 719, 728 (N.D. Ohio 2021) ...................................................... 2

*United States v. Moored*,
  38 F.3d 1419, 1421 (6th Cir.1994) ...................................................................... 2

**Statutes**

28 USC § 1983 ......................................................................................................... 3

Michigan's Whistleblower Protection Act ("WBPA") ........................................ 1

Title IX ...................................................................................................................... 3

I.   **Factual and Procedural History**

On January 29, 2020, Defendants illegally suspended Plaintiff for two weeks without pay. This case was filed on March 3, 2020. ECF No. 1. Plaintiff sought "Declaratory and Equitable Relief" in the form of "[a]n order from this Court requiring Defendants to remove all discipline related to the claims in this case from Plaintiff's record; an injunction from this Court prohibiting any further acts of discrimination, intimidation, or retaliation" and "whatever other declaratory and/or equitable relief[1] appears appropriate at the time of final judgment". ECF No. 1, PageID.26.

On May 21, 2024, a jury held that the suspension violated the First Amendment to the United States Constitution, Title IX, and Michigan's Whistleblower Protection Act ("WBPA"). ECF No. 73. Based on the jury's verdict, Plaintiff seeks an order granting him prospective, injunctive, equitable, and declaratory relief.

II.  **Law and Argument**

The relief sought here is a proper exercise of the Court's equitable authority. *Salazar v. Buono*, 559 U.S. 700, 714 (2010); *see also Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 508 (1959) (proper for the Court to grant equitable relief post-verdict). "Remedies designed to end a continuing violation of federal law are necessary to vindicate the federal interest in assuring the supremacy of that law." *Green v. Mansour*, 474 U.S. 64 (1985). To further the purpose of § 1983, the remedies for injuries caused by the

---

[1] Plaintiff also intends to file a separate motion for costs, attorney fees, and pre- and post-judgment interest.

1

deprivation of constitutional rights should be tailored to the interests protected by the particular right in question. *Carey v. Piphus*, 435 U.S. 247, 258-259 (1978); *see also Milliken v. Bradley*, 433 U.S. 267, 282 (1977). The Sixth Circuit has already held that Plaintiff properly requested prospective equitable relief against the individual state actors named in their official capacities (Hawkins and Dadey) in the form of expungement of University records and an order prohibiting further unlawful discrimination and retaliation. *Ashford v. Univ. of Michigan*, 89 F.4th 960, 969–70 (6th Cir. 2024). This is now the law of the case. *United States v. Moored,* 38 F.3d 1419, 1421 (6th Cir.1994). The jury determined the issues common to Plaintiff's claims for legal and equitable relief, and its verdict operates as a finding of fact binding on the trial court in its determination of Plaintiff's claims for equitable relief. *Moltan Co. v. Eagle–Picher Indus., Inc.,* 55 F.3d 1171, 1174–75 (6th Cir.1995) (quoting *Dybczak v. Tuskegee Institute,* 737 F.2d 1524, 1526–27 (11th Cir.1984)).

Based on the jury's verdict and the law of the case, Plaintiff is entitled to a "statement of rights" reflecting that the January 29, 2020 suspension was unlawful. *Skyworks, Ltd. v. Centers for Disease Control & Prevention*, 542 F. Supp. 3d 719, 728 (N.D. Ohio 2021) (declaratory relief is a "statement of rights"). Furthermore, the existence of University records reflecting the unlawful suspension and the prospect of the suspension being reported to third parties is future harm for which there is no adequate remedy at law. Defendants will suffer no hardship from entry of the requested relief because it would only require them to conform their behavior to the law. The relief

2

would also serve the public interest in ending civil rights violations. To prevent ongoing and future harm stemming from Defendants' violation of Plaintiff's civil rights, and in accordance with 28 USC § 1983, Title IX, the WBPA, the jury's verdict, and the Sixth Circuit's holding in *Ashford v. Univ. of Michigan* (*supra*), Plaintiff seeks an order granting him the following prospective, injunctive, equitable, and declaratory relief:

a. A declaration of this Court that Defendants unlawfully retaliated against him in violation of the First Amendment to the United States Constitution, Title IX, and Michigan's Whistleblower Protection Act by suspending him for 10 days without pay on January 29, 2020;

b. An order expunging Defendants' records of any and all information tied to the unlawful suspension and prohibiting the reporting of the unlawful suspension to third parties; and

c. An injunction prohibiting Defendants from engaging in any further acts of discrimination, intimidation, or retaliation against him.

Dated: May 23, 2024     Respectfully submitted,

**DEBORAH GORDON LAW**
/s/ Deborah L. Gordon
Deborah L. Gordon (P27058)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2024, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing and service of said documents to all parties through their counsel of record.

**DEBORAH GORDON LAW**
/s/ Deborah L. Gordon
Deborah L. Gordon (P27058)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com