UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **WILLIAM ELLIOTT ASHFORD,**  Plaintiff,  vs.  **UNIVERSITY OF MICHIGAN,** *et al.*,  Defendants. | 2:20-CV-10561-TGB-EAS  **ORDER SUSTAINING DEFENDANTS' OBJECTIONS TO ENTRY OF FINAL JUDGMENT (ECF NO. 77)** |

Now before the Court are three objections filed by Defendants to a proposed form of judgment submitted by Plaintiff William Elliott Ashford in this case. ECF Nos. 77 & 79. For the reasons below, the objections will be **SUSTAINED**, and the Court will delay entry of final judgment until Ashford's pending motion for prospective injunctive, equitable, and declaratory relief (ECF No. 76) is resolved.

## I.   PROCEDURAL SUMMARY

William Elliott Ashford is a police officer in the Department of Public Safety at the University of Michigan-Dearborn campus.

After he was disciplined for raising concerns about the University's investigation of an alleged sexual assault of a student by a professor, he sued the University of Michigan, University of Michigan–Dearborn, David Hawkins, Gary Gorski, Bryan Dadey, and Jeffrey Evans. He asserted multiple claims of retaliation and sought monetary, injunctive, and declaratory relief. ECF No. 1.

1

Three of Ashford's claims proceeded to a jury trial and, on May 21, 2024, the jury returned a verdict finding Defendants liable under Ashford's theories and awarding him monetary damages. ECF No. 73.

Following the jury's verdict in his favor, Ashford submitted a proposed form of judgment against the Defendants to the Court. ECF No. 79. In full, the proposed form of judgment reads:

> This action came before the Court for a trial by Jury on May 7, 2024.
>
> The action was tried, and the Jury returned its verdict on May 21, 2024, as set forth on the Jury Verdict Form.
>
> IT IS THEREFORE ORDERED that Judgment is entered in favor of Plaintiff William Elliott Ashford against Defendants Gary Gorski, Jeffrey Evans, University of Michigan-Dearborn, David Hawkins (in his official capacity only), and Bryan Dadey (in his official capacity only) in the total amount of $304,981.60 as allocated by the jury on the Jury Verdict Form, in addition to any injunctive, equitable, and/or declaratory relief, applicable costs, fees and interests as provided by law.

Defendants have objected to the entry of judgment on three grounds.

## II. DISCUSSION

Two of Defendants' objections concern the form of Ashford's proposed judgment, and the third concerns the entry of judgment given the procedural posture of the case.

### *A. Specificity of Jury Findings*

Defendants first object to Ashford's proposed form of judgment as inconsistent with the verdict. Specifically, they note that the proposed

2

form of judgment, unlike the Verdict Form completed by the Jury, does not distinguish between the jury's specific findings as to liability and the amounts of damages awarded against each specific defendant.

Defendants are correct that the proposed judgment fails to state with specificity the jury's findings on liability and the Defendant-specific awards of damages that the jury retured. This objection will therefore be **SUSTAINED**. Though Ashford's proposed form of judgment references the findings in the Jury Verdict Form (ECF No. 73), the Court agrees with Defendants that more specificity in the form of judgment is appropriate. *See, e.g., Trzcinski v. Am. Cas. Co.*, 901 F.2d 1429, 1430 (7th Cir. 1990) (holding that judgment was "defective because it omits the terms: who pays how much to whom"). The Court therefore will modify the proposed form of judgment to reflect the jury's findings as to liability and damages against each defendant specifically.

### B. Inclusion of Fees, Costs, and Interest

Defendants next object to any reference to costs, fees, and interests in the proposed form of judgment. They argue that it is presently unclear what costs, fees, and interest Ashford is seeking.

This objection will also be **SUSTAINED**. Courts routinely resolve attorneys' fees and costs post-judgment. *JPMorgan Chase Bank, N.A. v. Winget*, 920 F.3d 1103, 1106 (6th Cir. 2019); *see also* Fed. R. Civ. P. 54(d)(2)(B)(i) (requiring a party to move for fees "no later than 14 days after entry of judgment"). At this time, Ashford has not yet filed requests

for fees, costs, and interest, so the Court has not ruled on them. Accordingly, those amounts need not be made part of the judgment.

### C. Timing

Finally, Defendants object to the entry of judgment while Ashford's motion for prospective injunctive, equitable, and declaratory relief (ECF No. 76) is still pending. They argue that entry of judgment based solely on the jury verdict would be premature because the jury was not asked to decide Ashford's claims for non-monetary relief. And the jury's findings on the Verdict Form did not resolve those claims.

While a judgment could be entered on the monetary claims only, this would amount to a partial judgment only because it would not address Ashford's claims for injunctive and declaratory relief. Consequently, Defendants' objection to the proposed form of judgment on this ground will also be **SUSTAINED**. Though it may be instinctive for judges to wish to immediately enter judgment on a jury verdict, a review of the applicable Federal Rules of Civil Procedure and relevant case law persuades the Court that under the circumstances present here it is appropriate to delay entry of final judgment until the pending motion for non-monetary relief is resolved.

The question whether to enter a judgment at this time implicates Federal Rules of Civil Procedure 54 and 58. Rule 58(b)(2)(A) provides that, "*[s]ubject to Rule 54(b),* the court must promptly approve the form of judgment, which the clerk must promptly enter … when the jury

4

returns a special verdict or a general verdict with answers to written questions." Rule 54(b), meanwhile, provides that a judgment that disposes of *fewer than all claims* against the parties is not final and can be revised at any time prior to the entry of judgment unless the Court expressly determines there is no just reason for delay of entry of judgment on the claims that have been decided. Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities.").

In this case, Rule 54(b) unquestionably is implicated because the jury's verdict did not resolve all the claims against Defendants. Ashford's complaint sought monetary and non-monetary relief. The verdict resolved only Ashford's claims for monetary damages. As his pending motion shows, several issues remain open for determination by the Court, such as his requests for injunctive and declaratory relief. These issues implicate additional Rules of Civil Procedure—such as Rule 57, which governs the entry of declaratory judgment, and Rule 65, which governs awards of injunctive relief.

While many constructions of these Rules are possible, including constructions that suggest the entry of multiple judgments on different dates is permissible (Rule 65(d), for instance, suggests that an injunction

5

must enter on its own separate document; Rule 57 suggests the same for declaratory judgment), the Court does not believe such an interpretation accords with the interests of justice or the spirit of the Rules of Civil Procedure. Rule 1 provides that the Rules should be interpreted in a manner that "secure[s] the just, speedy, and inexpensive determination of every action and proceeding." Entering multiple judgments would inject unnecessary confusion by obscuring the deadlines for filing notices of appeal and inviting multiple motions for fees and costs.

Rule 58 "is designed to produce a distinct indication that the case is at an end, coupled with a precise statement of the terms on which it has ended." *Otis v. City of Chicago*, 29 F.3d 1159, 1163 (7th Cir. 1994) (en banc). Though that time is close at hand, it has not yet arrived in this case. *See, e.g.*, *Bell v. Taylor*, 791 F.3d 745, 746 (7th Cir. 2015) (holding that district court erred in entering final judgment for defendants after granting defendants' summary judgment motion because issue of injunctive relief was never adjudicated).

### III. CONCLUSION

For the reasons above, Defendants' objections are **SUSTAINED**. The Court will modify Ashford's proposed form of judgment to reflect the rulings above and delay entry of final judgment until Ashford's pending motion for injunctive relief is resolved.

6

**SO ORDERED** this 17th day of June, 2024.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge