**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**WILLIAM ELLIOTT ASHFORD**, *an individual*,

Plaintiff,

vs.

Case No. 20-cv-10561
Hon. Terrence G. Berg
Mag. Elizabeth A. Stafford

**UNIVERSITY OF MICHIGAN, UNIVERSITY OF MICHIGAN – DEARBORN, DAVID HAWKINS**, *an employee of the University of Michigan and the University of Michigan-Dearborn, sued in his official capacity, jointly and severally,* **GARY GORSKI**, *an employee of the University of Michigan and the University of Michigan-Dearborn, sued in his personal capacity, jointly and severally,* **BRYAN DADEY**, *an employee of the University of Michigan and the University of Michigan-Dearborn, sued in his official capacity, jointly and severally,* and **JEFFREY EVANS**, *an employee of the University of Michigan and the University of Michigan-Dearborn, sued in his personal capacity, jointly and severally,*

Defendants.

**DEBORAH GORDON LAW**
Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500/Fax (248) 258-7881
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com

**MILLER, CANFIELD, PADDOCK and STONE, P.L.C.**
Brian M. Schwartz (P69018)
Jerome Watson (P27082)
Attorneys for Defendants
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 963-6420/Fax (313) 496-7500
schwartzb@millercanfield.com
watson@millercanfield.com

**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**

Plaintiff William Elliott Ashford, by and through his attorneys Deborah Gordon Law, and pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, M.C.L. § 15.363 and M.C.L. § 15.364, Fed. R. Civ. P. 54(d), E.D. Mich. LR 54.1.2, and this Court's Bill of Costs Handbook, Section I (B), p 1, files his Motion for Attorneys' Fees and Costs. Plaintiff relies on the law and reasoning set forth in his attached Brief, the Federal Rules of Civil Procedure and the files and records in this case. In accordance with E.D. Mich. LR 7.1, on August 28, 2024, Plaintiff's counsel sought concurrence in this motion, but such concurrence was not forthcoming.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant Plaintiff's Motion and enter an Order awarding Plaintiff attorneys' fees and costs expended on appeal, including:

A. Attorney fees (Deborah Gordon Law) in the amount of $499,582.85. **Exhibit 1**.

B. Costs (Deborah Gordon Law) in the amount of $16,332.09. **Exhibit 2**.

Dated: August 28, 2024

Respectfully submitted,

**DEBORAH GORDON LAW**
*/s/ Deborah L. Gordon*
Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**WILLIAM ELLIOTT ASHFORD**, *an individual*,

Plaintiff,

vs.

**UNIVERSITY OF MICHIGAN, UNIVERSITY OF MICHIGAN – DEARBORN, DAVID HAWKINS**, *an employee of the University of Michigan and the University of Michigan-Dearborn, sued in his official capacity, jointly and severally,* **GARY GORSKI**, *an employee of the University of Michigan and the University of Michigan-Dearborn, sued in his personal capacity, jointly and severally,* **BRYAN DADEY**, *an employee of the University of Michigan and the University of Michigan-Dearborn, sued in his official capacity, jointly and severally,* and **JEFFREY EVANS**, *an employee of the University of Michigan and the University of Michigan-Dearborn, sued in his personal capacity, jointly and severally,*

Defendants.

Case No. 20-cv-10561
Hon. Terrence G. Berg
Mag. Elizabeth A. Stafford

---

**DEBORAH GORDON LAW**
Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500/Fax (248) 258-7881
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com

**MILLER, CANFIELD, PADDOCK and STONE, P.L.C.**
Brian M. Schwartz (P69018)
Jerome Watson (P27082)
Attorneys for Defendants
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 963-6420/Fax (313) 496-7500
schwartzb@millercanfield.com
watson@millercanfield.com

---

**PLAINTIFF'S BRIEF IN SUPPORT OF HIS MOTION FOR ATTORNEYS' FEES AND COSTS**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ........ iv

I. Relevant Factual and Procedural History ........ 1

A. Plaintiff was Disciplined for Engaging in Protected Activity ........ 1

B. Plaintiff Prevailed at Summary Judgment and Defendant Appealed to the Sixth Circuit ........ 2

C. A Jury Found that Defendants Violated the First Amendment to the United States Constitution, Title IX, and the Michigan Whistleblower Protection Act ........ 3

II. Argument ........ 4

A. Plaintiff is a "Prevailing Party" Within the Meaning of § 1988 ........ 5

B. Plaintiff's Lodestar Amount ........ 6

C. Plaintiff's Requested Attorney Fees are Reasonable ........ 7

1. Customary Fee and the Attorneys' Experience, Reputation and Ability ........ 8

2. Time and Labor Involved ........ 11

3. The Amount Involved and the Results Achieved ........ 12

4. The Difficulty of the Case and the Skill Requisite to Perform the Legal Service Properly ........ 14

5. The Undesirability of the Case ........ 14

6. The Nature and Length of the Professional Relationship with the Client ........ 15

D. Plaintiff's Costs were Reasonably Expended and are Recoverable ........ 15

E. Pre- and Post-Judgment Interest ..................................................... 16

III. Conclusion ..................................................................................................... 16

# INDEX OF AUTHORITIES

**Cases**

*Ashford v. Univ. of Michigan*,
89 F.4th 960 (6th Cir. 2024) ........ 3

*Binta B. ex rel. S.A. v. Gordon*,
710 F.3d 608 (6th Cir. 2013) ........ 4, 5

*Blum v. Stenson*,
465 U.S. 886 (1984) ........ 6, 8

*Bricklayers' Pension Trust Fund v. Taiariol*,
671 F.2d 988 (6th Cir.1982) ........ 16

*Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*,
532 U.S. 598 (2001) ........ 4

*Building Service Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*,
46 F.3d 1392 (6th Cir. 1995) ........ 6

*Cadwell v. City of Highland Park*,
324 Mich. App. 642 (2018) ........ 5

*Chandler v. Dowell Schlumberger Inc.*,
456 Mich. 395, 572 N.W.2d 210 (1998) ........ 5

*City of Riverview v. Operating Engineers*,
2019 WL 8301970 (E.D. Mich. Nov. 14, 2019) ........ 12

*Cleveland Bd. of Realtors v. City of Euclid*,
965 F.Supp 1017 (N.D. OH 1997) ........ 15

*Communities for Equity v. Michigan High School Athletic Assn.*,
2008 WL 906031 (W.D. 3/31/08) ........ 15

*Farrar v. Hobby*,
506 U.S. 103 (1992) ........ 4

*Geier v. Sundquist*,

372 F.3d 784 (6th Cir. 2004) ............ 6

*Granzeier v. Middletown*,
173 F.3d 569 (6th Cir. 1999) ............ 6

*Green v. Nevers,*
196 F.3d 627 (6th Cir.1999)............ 16

*Hamlin v. Charter Township of Flint,*
165 F.3d 426 (6th Cir. 1999) ............ 7

*Hazzard v. Schlee & Stillman, LLC*,
2014 WL 117411 (E.D. Mich. Jan. 13, 2014), *adopted*, 2014 WL 634205 (E.D. Mich. Feb. 18, 2014)............ 8

*Hensley v. Eckerhart*,
461 U.S. 424 (1983) ............7, 12, 13

*Horner v. Kentucky High Sch. Athletic Ass'n*,
206 F.3d 685 (6th Cir. 2000) ............ 4

*Imwalle v. Reliance Med. Prod., Inc.*,
515 F.3d 531 (6th Cir. 2008) ............ 12

*Leavitt v. Monaco Coach Corp.*,
241 Mich. App. 288 (2000)............ 5

*Louisville Black Police Officers Org. v. City of Louisville*,
700 F.2d 268 (6th Cir. 1983)............ 15

*McCombs v Meijer, Inc.*,
395 F.3d 346 (6th Cir. 2005) ............ 16

*McQueary v. Conway*,
614 F.3d 591 (6th Cir. 2010) ............ 5

*Northcross v. Bd. of Ed. of Memphis City Sch.*,
611 F.2d 624 (6th Cir. 1979)............ 15

*Reed v. Rhodes*,
179 F.3d 453 (6th Cir. 1999) ............ 6, 7

*Shuster v. Daimler Chrysler Corp.*,
01-70443 .................................................................................................. 10

*Sitz v. Michigan State Police*,
443 Mich. 744 (1993)...................................................................................... 9

*Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist*,
489 U.S. 782 (1989) ...................................................................................... 5

*The Ne. Ohio Coal. for the Homeless v. Husted*,
831 F.3d 686 (6th Cir. 2016) ......................................................................... 7

*Thurman v. Yellow Freight Sys., Inc.*,
90 F.3d 1160 (6th Cir.), *opinion amended on denial of reh'g*, 97 F.3d 833 (6th Cir. 1996)
.................................................................................................................. 16

*Tisha Prater v. City of Detroit*,
2:08-cv-14339 ................................................................................................ 9

*Varlesi v. Wayne State University, et al.*,
10-14793 .................................................................................................. 10

*Woods v. Willis*,
631 F. App'x 359 (6th Cir. 2015) .................................................................... 4

**Statutes**

28 U.S.C. § 1961 ........................................................................................ 16
42 U.S.C. § 1983 ............................................................................... 2, 4, 5, 14
42 U.S.C. § 1988 ........................................................................................ 16
Michigan's Whistleblower Protection Act............................................. 2, 4, 5, 6

**Other Authorities**

State Bar Economics of Law Practice 2023 ..................................................... 8

# I. Relevant Factual and Procedural History

## A. Plaintiff was Disciplined for Engaging in Protected Activity

The Court is well-versed in the relevant factual history of this matter. In summary, Plaintiff is a career law enforcement officer who has been employed as a Police Officer with the University of Michigan Dearborn Police Department since 2017. In 2019, Plaintiff became concerned that the University and his Department were attempting to cover up a student's report that she had been sexually assaulted by her professor in February 2019. In early September 2019, Plaintiff learned that the University was falsely representing, in its statutorily required Daily Crime and Clery Log, that the criminal investigation of the assault was closed and referred to the Wayne County Prosecutor's Office. When Plaintiff's attempts to raise his concerns through his chain of command, the human resources department, and the University of Michigan Dearborn Board of Regents proved futile, he and another officer spoke anonymously with a *Detroit News* reporter. This prompted the reporter to follow up with the University, which immediately altered its records to indicate that the criminal investigation remained open. In late October 2019, mere days before the *Detroit News* published an article about the incident, the University ensured that the case was referred to the prosecutor's office.

In early November 2019, the *Detroit News* published its story, which exposed the University's handling of the criminal investigation and its shifting public records. Plaintiff was immediately placed under disciplinary investigation for allegedly violating

University policy against "making statements that reasonably interpreted as intending to have an adverse effect upon department morale, discipline, operation of the Department, or perception of the public," and "divulging or willfully permitting to have divulged any information gained by reason of [his] position for anything other than its official authorized purpose." In January 2020, he was suspended for 10 days without pay—a first in his career.

### B. Plaintiff Prevailed at Summary Judgment and Defendant Appealed to the Sixth Circuit

In March 2020, Plaintiff filed the instant lawsuit, seeking money damages and equitable relief. ECF No. 1. He brought four claims: (1) retaliation in violation of the First Amendment, 42 U.S.C. § 1983; (2) retaliation in violation of Title IX; (3) retaliation in violation of Michigan's Whistleblower Protection Act; and (4) retaliation in violation of Michigan public policy. *Id.* After the close of discovery, Defendants sought to dismiss all of Plaintiff's claims. ECF No. 22. In particular, Defendants argued that sovereign and qualified immunity barred Plaintiff's First Amendment retaliation claim. *Id.* On October 18, 2022, the Court denied Defendants' motion except as to Plaintiff's public policy tort claim. ECF No. 42.

On November 17, 2022, Defendants appealed the Court's decision as to sovereign and qualified immunity to the Sixth Circuit Court of Appeals. ECF No. 43. The case was fully briefed, and oral argument was taken on October 25, 2023. On January 9, 2024, the Sixth Circuit issued a published opinion denying Defendants'

appeal in its entirety and affirming this Court's denial of summary judgment based on sovereign and qualified immunity. In pertinent part, the Sixth Circuit held that sovereign immunity did not bar Plaintiff's First Amendment retaliation claim against the University (*Ashford v. Univ. of Michigan*, 89 F.4th 960, 970 (6th Cir. 2024)); and that Plaintiff engaged in First Amendment protected speech (*Ashford*, 89 F.4th at 973-975); was subjected to an adverse action (*id.* at 974); and that his right to engage in the speech at issue without retaliation was clearly established (*id.* at 975-976).

### C. A Jury Found that Defendants Violated the First Amendment to the United States Constitution, Title IX, and the Michigan Whistleblower Protection Act

Despite the well-settled law governing Plaintiff's claims and the clear mandate of the Sixth Circuit, Defendants' defense of the case gave rise to voluminous motion practice before and during trial. This included Defendants' lengthy and meritless motions *in limine* and necessitated briefing regarding the parties' proposed jury instructions. *See* ECF No. 52, 53, 54, 55, 61, 62. During trial, Defendants filed a 33-page motion for judgement as a matter of law which Plaintiff responded to orally. ECF No. 69. In addition, Plaintiff made his own oral motion for judgment as a matter of law and engaged in extensive oral argument concerning the jury instructions, resulting in a curative instruction being issued (*see* ECF No. 72, PageID.3200-3201).

Ultimately, after 9 days of trial, on May 21, 2024, a jury found that Defendants retaliated against Plaintiff for engaging in activity that was protected under the First Amendment to the United States Constitution, Title IX, and Michigan's Whistleblower

Protection Act. ECF No. 73. The jury awarded Plaintiff backpay for his 10-day unpaid suspension in the amount of $2,481.60, $2,500 in emotional distress damages against Defendant Gary Gorski on the First Amendment retaliation claim, and $300,000 in emotional distress damages from the University on the Whistleblower Protection Act claim. *Id.* Over Defendants' objections, the Court also awarded Plaintiff significant equitable relief in the form of a permanent injunction expunging his employment record of the unlawful suspension and associated documents. *See* ECF No. 84, 85. Judgment was entered on August 14, 2024, following entry of orders concerning Plaintiff's equitable relief. ECF No. 86.

**II. Argument**

In an action to enforce a provision of 42 U.S.C. § 1983, § 1988 of that title permits the court to allow the prevailing party costs, including reasonable attorney fees, as part of the costs. *Farrar v. Hobby*, 506 U.S. 103, 109 (1992). "The purpose of this provision is 'to ensure that federal rights are adequately enforced.'" *Woods v. Willis*, 631 F. App'x 359, 363 (6th Cir. 2015). A plaintiff is a prevailing party if he receives "at least some relief on the merits of his claims such as a judgment, an injunction, or a consent decree." *Horner v. Kentucky High Sch. Athletic Ass'n*, 206 F.3d 685, 698 (6th Cir. 2000); *see also Binta B. ex rel. S.A. v. Gordon*, 710 F.3d 608, 620 (6th Cir. 2013) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 603 (2001)).

In performing the "prevailing party" analysis, courts do not look to the number of claims on which the plaintiff succeeded, the magnitude of the relief obtained, or

whether the plaintiff obtained the primary relief sought; the question is simply whether the plaintiff has won on at least one claim. *Binta B.*, 710 F.3d at 620 (citing *Farrar*, 506 U.S. at 114; *McQueary v. Conway*, 614 F.3d 591, 603 (6th Cir. 2010)); see also *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist*, 489 U.S. 782, 790, (1989).

Moreover, section 3 of Michigan's Whistleblower Protection Act states that a person who alleges a violation of the Act may bring a claim for, in pertinent part, "actual damages", which is defined as "including reasonable attorney fees". M.C.L. § 15.363. Section 4 delineates the remedies that are available to a successful litigant, including "all or a portion of the costs of litigation, including reasonable attorney fees and witness fees, if the court determines that the award is appropriate." M.C.L. § 15.364. The WPA is remedial in nature and must therefore "be liberally construed to favor the persons the Legislature intended to benefit." *Chandler v. Dowell Schlumberger Inc.*, 456 Mich. 395, 406, 572 N.W.2d 210 (1998). It "should be interpreted broadly to advance its purpose." *Leavitt v. Monaco Coach Corp.*, 241 Mich. App. 288, 310 (2000). The WPA "was intended to benefit those employees engaged in 'protected activity' as defined by the act." *Chandler*, 456 Mich. at 406. Its attorney-fee provision must be liberally construed to benefit employees engaged in protected activity under the WPA. *Cadwell v. City of Highland Park*, 324 Mich. App. 642, 654–55 (2018).

### A. Plaintiff is a "Prevailing Party" Within the Meaning of § 1988

Plaintiff is indisputably the "prevailing party" in this action. He secured a jury verdict against all Defendants on his claims under 42 U.S.C. § 1983, Title IX, and

Michigan's Whistleblower Protection Act as well as significant equitable relief associated with these causes of action, which shared a common core of facts and legal theories.

**B. Plaintiff's Lodestar Amount**

"The primary concern in an attorney fee case is that the fee award is reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893 (1984)); *see also Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010) (noting a "reasonable" fee is one that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case). In making this determination, courts use the "lodestar" method: "the number of hours reasonably expended on the litigation is multiplied by a reasonable hourly rate, producing a lodestar figure; the court can then adjust this figure to reflect the degree of success obtained." *Granzeier v. Middletown*, 173 F.3d 569, 577 (6th Cir. 1999); *see Building Service Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401(6th Cir. 1995) ("It is well settled that the "lodestar" approach is the proper method for determining the amount of reasonable attorneys' fees."). As a guideline, courts look to the prevailing market rate, which is the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record. *See Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004). In doing so, courts may look to a party's submissions, awards in analogous cases, state bar association guidelines, and

its own knowledge and experience in handling similar fee requests. *The Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 716 (6th Cir. 2016). The party seeking attorney's fees bears the burden of documenting his entitlement to the award. *Reed*, 179 F.3d at 472.

Plaintiff's lead counsel, Deborah Gordon, seeks a rate of $710 per hour for her work on this complex and lengthy case. Ms. Gordon's associate counsel, Elizabeth Marzotto Taylor, seeks a rate of $385 per hour for her work on this matter. Both rates are consistent with the complexity of the issues presented in this matter and the most recent State Bar of Michigan Survey on the Economics of Law Practice. **Ex. 3**.

**C. Plaintiff's Requested Attorney Fees are Reasonable**

In determining the reasonableness of the fee charged and the hours incurred, the Court is to consider the following factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Hamlin v. Charter Township of Flint*, 165 F.3d 426 (6th Cir. 1999) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983)); *Geier*, 372 F.3d at 792 (quoting *Hensley*, 461 U.S. at 434 n. 9 and noting factors are subsumed

in lodestar). Plaintiff's attorneys' verified time records and affidavits are attached as **Ex. 1**, and **Ex. 4**, respectively. The applicable factors all support the reasonableness of the fees sought.

### 1. Customary Fee and the Attorneys' Experience, Reputation and Ability

To determine whether the hourly rates claimed are reasonable, the court looks to "rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum*, 465 at 896, n. 11. The accepted benchmark for determining reasonable hourly rates in this district is the State Bar of Michigan's most recent Economics of Law Practice Survey. *Hazzard v. Schlee & Stillman, LLC*, 2014 WL 117411, at *3 (E.D. Mich. Jan. 13, 2014), *adopted*, 2014 WL 634205 (E.D. Mich. Feb. 18, 2014). Counsel's hourly rates are consistent with the latest empirical data published in the 2023 Economics of Law Practice Survey. **Exhibit 3**, at 6, 8-9.

| By Field of Practice | Median | Mean | 75th Percentile | 95th Percentile |
|---|---|---|---|---|
| Employment Law (Plaintiff) | $400 | $412 | $475 | $650 |
| Personal Injury (Plaintiff) | $400 | $425 | $500 | $900 |
| Civil Rights | $350 | $381 | $450 | $710 |

| By Years in Practice | Median | Mean | 75th Percentile | 95th Percentile |
|---|---|---|---|---|
| 6 to 10 | $300 | $322 | $385 | $585 |
| Greater than 35 years | $300 | $339 | $400 | $650 |

Ms. Gordon has been a practicing trial attorney for 43 years, specializing throughout that time in employment discrimination, personal injury and civil rights. **Ex. 5.** She previously worked as an Assistant Attorney General for the Civil Rights and Civil Liberties Division for the State of Michigan, and as a trial attorney for the Equal Employment Opportunity Commission. She has been in private practice since 1980. She has been a member and officer of numerous professional organizations. She also has frequently lectured on employment and trial topics and has contributed to several books and treatises in these areas. *Id.*

Ms. Gordon was admitted to the Bar of the U.S. Supreme Court in 1985. She has been listed in The Best Lawyers in America, Woodward and White, 1987-present, as one of the top lawyers in Michigan; and has been listed in Michigan Super Lawyers as one of the top 10 attorneys in Michigan. Ms. Gordon has filed and litigated over 300 cases in the U.S. District Court for the Eastern District alone. She has tried more than 35 employment or civil rights cases to verdict and has obtained several multimillion-dollar verdicts. Ms. Gordon has been a cooperating, pro bono attorney for the ACLU of Michigan in several important civil rights cases, including *Sitz v. Michigan State Police*, 443 Mich. 744 (1993), which resulted in the prohibition of drunk driving road blocks in the State of Michigan and *Tisha Prater v. City of Detroit*, 2:08-cv-14339, obtaining relief from discrimination for pregnant Detroit police officers. She has prevailed in several significant cases where constitutional rights were at issue.

Over 15 years ago, Judge Paul Borman recognized in *Shuster v. Daimler Chrysler Corp.*, 01-70443 that Deborah Gordon was "experienced and regarded counsel in this field" **Ex. 6**. Judge George Steeh also recognized Ms. Gordon as "an experienced and highly regarded counsel in the field of employment discrimination" and approved a rate then above the 95th percentile of other local practitioners. *Id.* In 2017, Judge Denise Page Hood awarded Ms. Gordon $500 per hour in *Varlesi v. Wayne State University, et al.*,10-14793. *Id.* On December 18, 2020, a JAMS Arbitrator awarded Ms. Gordon $600 per hour in an FCA retaliation case. The total fee awarded was $623,816.00. *Id.* at 12. Subsequently, the State Bar issued an updated survey on the Economics of Law that contains higher hourly rates. An hourly rate of $710 is reasonable and consistent with her more than 40+ years of experience as a top lawyer in employment, civil rights and personal injury litigation.

Plaintiff claims $385 an hour for the work performed by attorney Elizabeth Marzotto Taylor. Ms. Marzotto Taylor graduated second in her class, *summa cum laude*, from Wayne State University Law School while employed full time as a civilian Equal Employment Opportunity Specialist for the U.S. Army. Marzotto Taylor is currently admitted to practice in all federal courts of Michigan and the U.S. Court of Appeals for the Sixth Circuit in addition to the Michigan courts. She is also a member of the Labor and Employment Section of the State Bar of Michigan, the Federal Bar Association, the Detroit Bar Association, and the Michigan Association for Justice. **Ex. 5**.

Ms. Marzotto Taylor has worked as a litigator at Deborah Gordon Law for nearly seven years. During this time, she performed significant work on numerous complex litigation cases, achieving exceptional results. She has authored complex appellate and trial court-level briefs, including for the Sixth Circuit Court of Appeals and Michigan Court of Appeals, and briefed and argued motions on a variety of topics, including as to summary judgment and other dispositive issues in federal and state court, including at the appellate level. In 2020, Ms. Marzotto Taylor was co-counsel in the 18-day arbitration hearing of a complex, multi-plaintiff FCA retaliation case that ended in a multi-million-dollar award. The JAMS Arbitrator in that case awarded Ms. Marzotto Taylor $320 per hour. **Ex. 6**. Ms. Marzotto Taylor served as co-counsel in this matter, including at trial, and made Plaintiff's arguments before the Sixth Circuit Court of Appeals. The State Bar subsequently issued its 2023 survey that contains higher hourly rates. An hourly rate of $385 is reasonable, as it is between the median $350 per hour for plaintiff's civil rights attorneys and the $585 per hour for attorneys with 6-10 years of experience who are compensated in the 95th percentile. **Ex. 3**.

**2. Time and Labor Involved**

The time and labor involved in obtaining the jury verdict and equitable relief in this case was significant. Plaintiff was forced to file a lawsuit against a major university that violated his clearly established legal rights, engage in significant discovery and dispositive motion practice, litigate an appeal to the Sixth Circuit concerning complex immunity issues, engage in significant pre-trial and trial motion practice, try the case to

a jury over the course of 9 days, and litigate his entitlement to equitable relief. The legal work performed by Plaintiff's counsel applied multifaceted and nuanced legal standards to a complex fact pattern. A high level of skill was required to properly perform these legal services.

While Defendants had virtually unlimited resources at their disposal and were represented by a large international law firm, Miller Canfield, Gordon and Marzotto Taylor exclusively handled Plaintiff's case. Verified time records for the firm of Deborah Gordon Law are attached hereto as **Ex. 1.** Claimant's counsel's verified time records, which specify the date that time was billed, the individual billing the time, the fractional hours billed, and the specific task completed are of sufficient detail and probative value to support a conclusion that the hours were actually and reasonably expended in the prosecution of the litigation. *Imwalle v. Reliance Med. Prod., Inc.*, 515 F.3d 531, 553-554 (6th Cir. 2008). All time expended was reasonable and necessary to the processing of this case and by maintaining a lean staff on this case, Counsel reduced the risk of duplicative work. It is well-settled that "[m]ultiple-lawyer litigation is common and not inherently unreasonable." *City of Riverview v. Operating Engineers*, 2019 WL 8301970 (E.D. Mich. Nov. 14, 2019).

### 3. The Amount Involved and the Results Achieved

Plaintiff's degree of success and results obtained weigh strongly in favor of a fully compensatory award of fees and costs. *See Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) (holding that the "significance of the overall relief obtained by the plaintiff" influences

the reasonableness of the time expended on the litigation). As set forth above, Plaintiff achieved a robust array of legal and equitable remedies designed to make him whole which total several hundred thousand dollars. This relief is momentous as it relates to Plaintiff individually, but also as to future University employees or law enforcement officers whose civil rights may have been similarly violated. Furthermore, Plaintiff's Verified Costs Itemization, **Ex. 2**, shows that he invested $16,332.09 in costs in this matter to lodge and prosecute his claims. Based on the excellent achievements and results obtained, Plaintiff seeks to recoup all attorneys' fees and costs associated with this substantial investment in vindicating his civil rights.

All of Plaintiff's claims arose out of a common core of facts and a common course of conduct: he was punished for speaking out against Defendants' mishandling and false reporting of a sexual assault investigation. Although Plaintiff brought several legal theories, none were entirely distinct and separate from one another. The facts and theories were so intertwined that it would be impossible to divide the hours expended on a claim-by-claim basis, and ultimately, Plaintiff prevailed on all of the legal claims that he presented to the jury. *Hensley*, 461 U.S. at 435 (where claims for relief involve common core of facts and are based on related legal theories, counsel's time will be devoted to the litigation as a whole, and the district court should not view the suit as a series of discrete claims, but rather focus on the significance of the overall relief obtained). Plaintiff's high degree of success weighs strongly in favor of a fully compensable award of costs and fees.

#### 4. The Difficulty of the Case and the Skill Requisite to Perform the Legal Service Properly

This case has been very difficult in several respects. First, it involves a difficult, complex area of the law. Second, it has a complicated procedural history, having already gone up on appeal to the Sixth Circuit. Third, the case involved a complex factual history and a passionate political climate. Fourth, the dispositive issues in this case were complex and hinged on nuanced aspects of constitutional and statutory law. As set forth above, Deborah Gordon Law was very successful in its representation of Plaintiff despite these obstacles, with the work of two attorneys alone. The difficulty and skill required to prosecute this case weigh in favor of a fully compensatory award.

#### 5. The Undesirability of the Case

Plaintiff's counsel's office took this case despite significant factors making it undesirable. First and foremost, § 1983 claims are inherently difficult, and involve complicated legal issues and defenses of sovereign and qualified immunity, as were asserted in this case. The legal standard applicable to Plaintiff's First Amendment retaliation claim was further heightened by the fact that he is a public sector employee. Additionally, the availability of an immunity defense triggers an automatic appeal following the summary judgment phase, virtually guaranteeing a lengthy delay in the proceedings and an additional layer of complex legal work. Finally, the potential value of the case was low given that Plaintiff's available economic damages were for a 10-day unpaid suspension. These issues all factored into the undesirability of the case.

### 6. The Nature and Length of the Professional Relationship with the Client

Deborah Gordon Law has represented Plaintiff in this matter for more than 4 years, since 2019, when he first consulted with the firm regarding Defendants' allegations against him. The case went through an entire appeal process before culminating in a lengthy 9-day trial. All the while, the firm assisted Plaintiff in navigating the unique circumstances of remaining employed by the Defendants while suing them for retaliation, including ongoing reprisal from his leadership and colleagues. The nature and length of the firm's professional relationship with Plaintiff also merit a fully compensatory award.

### D. Plaintiff's Costs were Reasonably Expended and are Recoverable

§ 1988 allows Plaintiff to recover costs for "incidental and necessary expenses incurred in furnishing effective and competent representation," *Northcross v. Bd. of Ed. Of Memphis City Sch.*, 611 F.2d 624, 639 (6th Cir. 1979), *holding modified by Louisville Black Police Officers Org. v. City of Louisville*, 700 F.2d 268 (6th Cir. 1983). This has been held to include reasonable travel expenses, photocopying, and other costs such as were requested by Plaintiff. *Id.; see also Cleveland Bd. of Realtors v. City of Euclid*, 965 F.Supp. 1017 (N.D. OH 1997); *see also Communities for Equity v. Michigan High School Athletic Assn.*, 2008 WL 906031 (W.D. Mich. Mar. 31, 2008) (photocopying expenses, messenger services, postage, phone use, paralegal expense, travel costs, on line research recoverable under civil rights attorney fee statute, 42 U.S.C. § 1988 if reasonable).

Plaintiff's supporting documentation amply demonstrates that the costs requested were necessary and reasonable. *McCombs v Meijer, Inc.*, 395 F.3d 346, 361 (6th Cir. 2005) (sufficient that supporting documents presented general descriptions of the charges; and that costs were "itemized" in an affidavit). **Ex. 2**. Plaintiff's costs were necessarily and reasonably expended and are recoverable.

### E. Pre- and Post- Judgment Interest

Plaintiff also seeks an award of pre- and post-judgment interest in an amount to be calculated based on the final monetary judgment in this case, inclusive of costs and fees awarded pursuant to this motion. *See* 42 USC § 1988, 28 U.S.C. § 1961; *see also Green v. Nevers,* 196 F.3d 627, 633 (6th Cir.1999) (citing *Bricklayers' Pension Trust Fund v. Taiariol*, 671 F.2d 988, 990 (6th Cir.1982)) and *Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1170 (6th Cir.), *opinion amended on denial of reh'g*, 97 F.3d 833 (6th Cir. 1996) (as to pre-judgment interest).

## III. Conclusion

For the reasons stated herein, Plaintiff respectfully requests that this Honorable Court grant Plaintiff's Motion and enter an Order awarding Plaintiff attorneys' fees and costs expended on appeal, including:

- Attorney fees (Deborah Gordon Law) in the amount of $499,582.85. **Exhibit 1**.
- Costs (Deborah Gordon Law) in the amount of $16,332.09. **Exhibit 2**.

Dated: August 28, 2024

Respectfully submitted,

**DEBORAH GORDON LAW**
/s/ Deborah L. Gordon
Deborah L. Gordon (P27058)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2024, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing and service of said documents to all parties through their counsel of record.

**DEBORAH GORDON LAW**
/s/ Deborah L. Gordon
Deborah L. Gordon (P27058)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com